### LUNDY v. HANSON.

RESULTING TRUST — PAROL EVIDENCE.— When parol evidence is relied on for the purpose of establishing a resulting trust in land, the essential fact or facts must be sustained by clear, strong and convincing proofs.

*Appeal from District Court of Arapahoe County.*

Mr. A. L. DOUD and Mr. E. B. COE, for appellant.

Messrs. BARTELS & BLOOD and Messrs. BROWNE & PUTNAM, for appellee.

CHIEF JUSTICE HELM delivered the opinion of the court.

This suit was brought upon the theory of a resulting trust for an undivided half interest in certain real property within the city of Denver. Plaintiff, in 1880, was a widow with seven children, the eldest, Ellen, being sixteen, and the youngest two, years of age. Plaintiff was poor, and Ellen and her next younger sister, Hilda, who was about fourteen, and who is the defendant and appellant in the present case, worked out and helped plaintiff to support the family.

Plaintiff and the two elder girls decided upon the purchase of the premises plaintiff was then renting and occupying, $750 being the purchase price. They conferred together frequently concerning this purchase before it was agreed upon, and during the time of making the deferred payments. The business was attended to mainly by Ellen, and title was subsequently taken in her name to the entire premises. She afterwards deeded one-half of the property to plaintiff, and the other half to Hilda, but no consideration was paid her for either of the conveyances. During this entire period, and up to the date of her marriage, Hilda was under age.

In the county court, and in the district court, to which the cause was taken by appeal, decrees were rendered in favor of plaintiff, recognizing the trust, and requiring Hilda to convey the moiety in her name to plaintiff. The sole assignment of error now urged in argument is that the decree challenged is not sustained by the evidence. We might, perhaps, decline to review the record before us upon this assignment, because no proper objection was interposed or

exception reserved to the entry of the decree. But, under the circumstances, we prefer to rest our decision upon the merits.

True it is that, when parol evidence is relied on for the purpose of establishing a resulting trust, the essential fact or facts must be sustained by clear, strong and convincing proofs. It should be borne in mind, however, that the trust asserted in the present case is not claimed to result solely from payment of the purchase-money.

Plaintiff and Ellen both testified positively and repeatedly that the property was really bought by plaintiff. They say that while Hilda participated with them in the conferences, and took part in bringing about the purchase, the intention of all was to have the ownership ultimately vest in the mother, so that she would be securely provided with a home for herself and the remaining children. According to their explanation, the reason why title was taken in Ellen's name, and why she was so conspicuous in the negotiations, was that plaintiff could not read or write in English, and understood very imperfectly the English language when spoken. Hilda, on the other hand, testifies that she and Ellen bought the property, and in this respect she receives corroboration through the testimony of her husband touching subsequent admissions of plaintiff; also through the testimony of Mr. and Mrs. Gallup, as to incidental declarations of Ellen. But the following circumstances, in addition to those already mentioned, so strongly confirm the position taken by plaintiff and Ellen as to clearly demonstrate Hilda's error, viz.: The cash payment of $50 advanced at the time the contract was made was by plaintiff from her own funds. Plaintiff was at that time in possession of the premises with the five younger children, and continued in the quiet and undisputed occupancy thereof down to the time of trial, about eight years. During this period she paid all expenses, including taxes, insurance and repairs, and also made certain improvements, such as the digging of a well, etc. For a considerable time plaintiff

boarded and lodged Baldwin, the vendor of the property, and did his washing, the income from such board, lodging and washing, whatever it was, being applied upon the purchase price. Subsequent to the making of the contract, she advanced $128 more of the purchase-money, besides additional sums, the exact amount of which cannot be determined from the evidence.

It is undoubtedly true that some of the earnings of both Ellen and Hilda were used in discharging the deferred payments, or in liquidation of loans obtained to complete the purchase. But the amount thus contributed is extremely uncertain, and we are fairly warranted in assuming that it was either by way of loan to plaintiff, or voluntary advancements in the nature of gifts. The evidence very strongly points towards the latter theory. Both girls made plaintiff's home their home, and when out of employment, which was seldom, lived with her. They were affectionate daughters, and contributed at times from their meager earnings to the support of the family and education of the other children. It is not entirely clear why Ellen deeded one-half of the property to Hilda; but she (Ellen) testifies that it was not of her own free will, and that she expected Hilda to convey it "over" to her mother. As to the lease giving plaintiff possession of the property for life upon the payment of $1 per year, we observe — *First*, Ellen declares under oath that she had no knowledge of its existence, and, if she signed the paper, it was in ignorance of its contents; *second*, there is nothing in the record showing that plaintiff asked for this lease, or authorized such an arrangement, and she also denies all knowledge thereof.

Both of the trial courts saw and heard the witnesses, and were in much better position than we to correctly resolve the conflicts appearing in the evidence. Under all the circumstances, we cannot say that a trust was not established with the requisite clearness and sufficiency.

In view of the foregoing conclusion concerning the facts and the law, it becomes unnecessary for us to follow the

interesting discussion of counsel on the subject of emancipation from parental control.  We leave undetermined the question whether or not, under the circumstances presented by this record, plaintiff would have been entitled to demand and receive the wages earned by Hilda, who was, during the period in question, an unmarried minor under the age of eighteen years.  The mother having made the purchase herself, merely conducting the transaction through Ellen for convenience, it is a matter of no significance whether she was entitled of right to the earnings of Hilda, or whether Hilda voluntarily contributed, as a gift or loan, money over which her mother had no original control.

The decree of the court below is affirmed.

*Affirmed.*